**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| REJEANA SILLA | ) | ***Jury Trial Demanded*** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 17-1393 |
| | ) | |
| ONE THREE FIVE INC. D/B/A BLUSH | ) | |
| AND ALBERT BORTZ | ) | Electronically Filed |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S**
**AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

<br/>

JONATHAN M. KAMIN
PA. I.D. NO.  81958
jonathank@gkgattorneys.com

GOLDBERG, KAMIN & GARVIN, LLP
1806 FRICK BUILDING
437 GRANT STREET
PITTSBURGH, PA 15219

(412) 281-1119 - phone
Dated: February 9, 2018          (412) 281-1121 - fax

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REJEANA SILLA                                    :    CIVIL ACTION NO. 17-1393
                                                 :
            Plaintiff,                           :
    v.                                           :
                                                 :
                                                 :
ONE THREE FIVE INC. D/B/A BLUSH                  :
AND ALBERT BORTZ                                 :
                                                 :
            Defendant.                           :
                                                 :
                                                 :
                                                 :
                                                 :

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**BACKGROUND**

Plaintiff, Rejeana Silla ("Plaintiff") alleges that One Three Five Inc. ("135") and business owner Albert Bortz ("Bortz" or collectively "Defendants") unlawfully terminated her from engaging in exotic dancing at Blush due to a mental disability. In addition to said allegations, Plaintiff alleges eight (8) additional Federal and State claims against the Defendants, some of which are merely boilerplate citations to the relevant standards that Plaintiff must meet to recover under said claims.

For the following reasons, Defendants submit that even if Plaintiff's allegations are taken as true, the Amended Complaint should be dismissed in its entirety as Plaintiff has failed to submit a legally sufficient Amended Complaint.

**A.      STANDARD OF PLEADING**

**1.      Rule 12(b)6 Standard**

In *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court opined that a complaint may be dismissed pursuant to Rule 12(b)(6) if it does

not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Co. of Allegheny*, 515 F. 3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Under *Twombly*, and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

A court considering a Rule 12(b)(6) motion accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F. 3d 256, 260 (3d Cir., 2006)). However, a court will not accept bold assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d. Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 N. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d. Cir. 2000). Accordingly, a plaintiff must plead sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkinson v. New Media Tech. Charter Sch., Inc.*, 522 F. 3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F. 3d at 224).

### 2. Rule 8(a) Standard

A complaint that merely "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" does not satisfy Rule 8(a) and thus should be dismissed pursuant to Rule 12(b)(6). *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). To pass muster under Rule 8(a), a complaint must have "allegations plausibly suggesting (not merely consistent with) ... [the alleged misconduct, and must) possess enough heft to sho[w] that

the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotations and citations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and citations omitted).

In ruling on a motion to dismiss, a court must first scrutinize the sufficiency of a complaint by stripping away all conclusory allegations from the pleading. *Id.* The court must then "draw on its judicial experience and common sense" to determine if a complaint states a "plausible claim for relief." *Id.* at 1950. However, if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* (internal citations and quotations omitted). "After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

## ARGUMENT

I. **PLAINTIFF'S COMPLAINT DOES NOT ALLEGE ANY FACTS THAT WOULD PIERCE THE CORPORATE VEIL AND THEREFORE THE COMPLAINT AS IT RELATES TO ALBERT BORTZ, INDIVIDUALLY SHOULD BE DISMISSED IN ITS ENTIRETY**

Plaintiff's Amended Complaint continues to improperly name Albert Bortz, individually ("Bortz") as a Defendant in this action solely because he is the owner and operator of the corporation that owns the property and building, in which a non-existent entity commonly referred to as "Blush" operates. (Amended Complaint ¶ 3). However, Plaintiff fails to allege any facts that if taken as true, would pierce the corporate veil and impose liability against Bortz. The Pennsylvania Supreme Court has addressed the strong presumption against piercing the corporate veil in Pennsylvania when it stated:

> We note at the outset that there is a strong presumption in Pennsylvania against piercing the corporate veil. ***Wedner v. Unemployment Board***, 449 Pa. 460, 464, 296 A.2d 792, 794 (1972) ("[A]ny court must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception.... Care should be taken on all occasions to avoid making the entire theory of corporate entity useless. ***Zubik v. Zubik***, 384 F.2d 267, 273 (3d Cir.1967)"). Also, the general rule is that a corporation shall be regarded as an independent entity even if its stock is owned entirely by one person. ***College Watercolor Group, Inc. v. William H. Newbauer, Inc.,*** 468 Pa. 103, 117, 360 A.2d 200, 207 (1976).

***Lumax Indus., Inc. v. Aultman***, 669 A.2d 893, 895 (Pa. 1995).  The Court in ***Lumax***, has set out

the factors to be considered in disregarding the corporate form as follows:

> undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetrate a fraud.

Citing, ***Department of Environmental Resources v. Peggs Run Coal Co***, 423 A.2d 765

(Pa.Cmwlth.1980); ***Kaites v. Dept. of Environmental Resources***, 529 A.2d 1148, 1151

(Pa.Cmwlth. 1987); and, see also ***Watercolor Group v. Newbauer***, 360 A.2d 200, 207 (Pa. 1976).

While the Plaintiff, in the Amended Complaint, alleges certain facts, involving Bortz, she does not

allege any facts that would warrant piercing the corporate veil. As such, the Plaintiff has failed to

allege any facts that if taken as true would be enough to pierce the corporate veil, or impose liability

against Albert Bortz, individually. Therefore, Plaintiff's Amended Complaint as it relates to Albert

Bortz, individually should be dismissed, with prejudice, in its entirety.

## II.   CLAIMS ONE THROUGH THREE OF THE AMENDED COMPLAINT FAIL TO STATE A CLAIM THAT IS IN VIOLATION OF 42 U.S.C. § 12101 *et seq.*, THE AMERICANS WITH DISABILITIES ACT

The Plaintiff alleges in claims one through three that the Defendants violated the

Americans with Disabilities Act ("ADA"), and cites to the standards, that if met, would deem

"135" as an "employer" and/or "covered entity" under the ADA. (Amended Complaint ¶67, 68).

The ADA states:

> The term "employer" means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person, except that, for two years following the effective date of this subchapter, an employer means a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person.

42 U.S.C.A. § 12111 (West)

Plaintiff's Amended Complaint avers that "135" has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.  135, at any time relevant herein, has not and does not have 15 or more employees for each working day in 20 or more calendar weeks.  135 and/or Bortz are not regarded as an employer under the ADA, and therefore Plaintiff's claims One through Three, in her Amended Complaint, under the ADA are not legally sufficient and must be dismissed, with prejudice, as the Defendants are not subject to the ADA.

### III.   CLAIM FOUR OF THE AMENDED COMPLAINT FAILS TO STATE A CLAIM THAT IS IN VIOLATION OF TITLE III OF THE ADA

The Plaintiff in her Amended Complaint at Count IV, alleges that the Defendants violated Title III of the ADA.  The foundation of her claim is that, allegedly, after having been fired from 135 (for whom the Plaintiff was *not ever an employee)* the Plaintiff presented at 135 and began to argue with people on the premises about her alleged termination. The Plaintiff, has alleged in her Amended Complaint that following her termination, she, while on the premises at 135, was told to leave as she was "no longer employed there."  As set forth above, at no time relevant herein was the Plaintiff ever an employee of 135 and/or Bortz.  Moreover, the Plaintiff, by her own admission

was not at 135 to "enjoy the goods, services, facilities… of the place of public accommodation".

42. U.S.C § 12182(a). Rather, it is believed and therefore averred that the Plaintiff was on the

premises at 135 for the sole purpose of causing a disturbance.  In response to the Plaintiff's

conduct, the Plaintiff was asked to leave the premises for causing a disturbance, and not, as the

Plaintiff has alleged, due to any apparent or actual disability.  Furthermore, the Plaintiff's

Amended Complaint fails to set forth any facts which would support an allegation that she was on

the premises to "enjoy the goods, services, facilities" as a patron or that she was asked to leave

due to any apparent or actual disability.  To the contrary, although, at no time relevant herein, was

the Plaintiff an "employee" of 135 of Bortz.  Notwithstanding that fact, as set forth in the Amended

Complaint, she was on the premises solely to dispute an alleged termination. Therefore, Plaintiff's

fourth claim under the ADA is not legally sufficient and must be dismissed, with prejudice.

### IV.   CLAIM FIVE OF THE AMENDED COMPLAINT FAILS TO STATE A CLAIM TO ESTABLISH INVASION OF PRIVACY

Plaintiff alleges in claim five of the Amended Complaint the "Tort of intrusion, sometimes

classified under the label invasion of privacy". (Amended Complaint ¶99). To state a claim for

intrusion upon seclusion, a plaintiff must allege conduct demonstrating "an intentional intrusion

upon the seclusion of their private concerns which was substantial and highly offensive to a

reasonable person, and aver sufficient facts to establish that the information disclosed would have

caused mental suffering, shame or humiliation to a person of ordinary sensibilities." *Pro Golf Mfg.,*

*Inc. v. Tribune Review Newspaper Co.*, 809 A.2d 243, 247 (Pa. 2002) (citations omitted). By the

Plaintiff's own averment and therefore admission, the Plaintiff, having executed authorizations to

release medical information, in favor of Bortz and/or 135, any access to the Plaintiff's medical

records, was not by any improper or intrusive means.  As such, any claim now raised by the

Plaintiff that the Defendants "improperly" and/or "intrusively" violated her privacy, factually and

legally fails. Therefore, Count V in Plaintiff's Amended Complaint fails as a matter of law and

must be dismissed, with prejudice.

**V.    CLAIM SIX AND SEVEN OF THE AMENDED COMPLAINT FAIL TO STATE A CLAIM THAT IS IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964.**

Counts VI and VII of the Plaintiff's Amended Complaint, contains allegations that she was,

amongst other things, sexually harassed, exposed to a hostile work environment, and suffered quid

pro quo sexual harassment in violation of Title VII of the Civils Rights Act of 1964 ("Civil Rights

Act"). Initially, the Plaintiff's Amended Complaint, fails as a matter of law, as she has failed to

aver facts which would establish that 135 and/or Bortz are an "employer" under the Civil Rights

Act". The Civil Rights Act provides:

> **(b)** The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of Title 5), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26, except that during the first after March 24, 1972, persons having fewer than twenty-five employees (and their agents) shall not be considered employers.

42 U.S.C.A. § 2000e (West). As set forth above, neither 135 and/or Bortz are an "employer" within

the definition of the Civil Rights Act.  Moreover, the Amended Complaint fails to aver any facts

that, at any time relevant herein, did the Defendants, have "fifteen or more employees for each

working day in each of twenty or more calendar weeks in the current or preceding calendar year."

In light of the same, the Defendants are not and cannot be considered an "employer" under the

Civil Rights Act.  Therefore, the Plaintiff's claim is both factually and legally insufficient and Counts V and VI of the Amended Complaint, for alleged violations of the Civil Rights Act, must be dismissed, with prejudice.

**VI.   COUNTS EIGHT AND NINE OF THE AMENDED COMPLAINT FAIL TO STATE A CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED, AS THE PLAINTIFF WAS NOT AN EMPLOYEE OF THE DEFENDANTS**

In Count Eight of the Plaintiff's Amended Complaint, she seeks to allege that the Defendants breached the Plaintiff's verbal contract and she was therefore, wrongfully terminated. (Amended Complaint ¶ 170). In Plaintiff's Amended Complaint, she avers, amongst other things that the Defendants made oral promises to her that she would have "job security". (Amended Complaint ¶ 173). The Plaintiff, in further support of an alleged verbal employment contract with the Defendants, avers that certain conditions were imposed upon her by the Defendants, to continue her employment at 135.  As set forth above, at no time relevant herein was the Plaintiff an "employee" of Bortz and/or 135.  Therefore, as a matter of law any claim for breach of contract and/or wrongful termination fails.

Without waiving the same, the Plaintiff's Amended Complaint, fails to set forth any facts which would support a claim for breach of contract or wrongful termination.  Rather than set forth an alleged "offer", "acceptance" and "consideration" – the basic elements of a contract, the Plaintiff offers illogical and nonsensical facts, such that the Defendants are unable to formulate a response as to what alleged "contract" the Plaintiff is referring.  Therefore, the Defendants are without knowledge or information to form a belief as to how to respond to the Plaintiff's allegations and the same fails, with prejudice, as a matter of law.

Therefore, Counts VIII and IX of the Plaintiff's Amended Complaint for an alleged breach of contract and wrongful termination, are both factually and legally insufficient and must be dismissed, with prejudice.

**VII.   COUNT TEN OF THE AMENDED COMPLAINT FAILS TO STATE A CLAIM THAT THE DEFENDANTS ARE IN VIOLATION OF THE FLSA AND PMWA**

Count Ten of the Plaintiff's Amended Complaint seeks to allege that the Defendants willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201, *et seq.* As set forth herein, at no time relevant herein was the Plaintiff an "employee".  By the Plaintiff's own averments and therefore, admissions, she was an "independent contractor" who knowingly, willfully and voluntarily executed a waiver, acknowledging her status as an "independent contractor". Notwithstanding said averment, the Plaintiff fails to offer any facts that she was an "employee" of the Defendant.

The Commonwealth Court in ***Com. Dept of Labor and Industry, Bureau of Labor Law Compliance v. Stuber***, 822 A2d 870 (Pa.Cmwlth. 2003), has held that the FLSA, like the Pennsylvania counterpart, was designed to protect employees who lack bargaining power.  The definitions of "employ", "employer" and "employee" in the two acts are virtually identical and neither act differentiates between an "employee" and an "independent contractor".  However, the Court acknowledged that there was federal case law which addressed the issue.  The Court in Stuber, stated that it was "proper to give deference to federal interpretation of a federal statute when the state statute substantially parallels it." ***Id.*** at 874. Therefore, the appropriate consideration is whether under the "economic reality" test is a person an "employee".

Under the "economic reality" test, the relevant considerations are as follows:

> 1) the degree of control exercised by the employer over the workers;
> 2) the worker's opportunity for profit or loss depending upon managerial skill;

3) the alleged worker's investment in equipment or material required for the tasks or the employment of helpers;
4) whether the service rendered requires special skill;
5) the degree of permanence of the working relationship; and
6) the extent to which the work is an integral part of the employer's business.

Citing, ***Real v. Driscoll Strawberry Associates, Inc.***, 603 F.2d 748, 754 (9th Cir.1979); ***Martin v. Selker Brothers, Inc.***, 949 F.2d 1286 (3rd Cir.1991).

The Stuber Court held that when applying the economic reality test, the federal courts have looked at the totality of the circumstances and a single factor, by itself, is not necessarily determinative. Moreover, merely because a worker initially calls the particular arrangement something different, does not mean that there was no employer/employee relationship. However, in order to establish this relationship, the Plaintiff must offer something more than self-supporting facts.   In the instant matter the Plaintiff fails to offer any facts that she filed tax returns claiming that she was an "employee" of the Defendants, that the Defendants supplied her with any equipment, dancewear, costumes or the like, that the Defendants taught the Plaintiff how to perform or controlled when and where she performed, or, that the Defendants issued her a paycheck or provided her with a W-2.

Instead, the Plaintiff appears to try to rely on previously settled litigation, which has no bearing on the within cause of action.  Plaintiff concedes that she was and considered herself to be an "independent contractor." Nevertheless, without more, she now claims to be an employee. Plaintiff's FLSA claim is legally insufficient as Plaintiff is not an employee under the act, and therefore, Plaintiff's claim should be dismissed, with prejudice.

Plaintiff's claims under either the FLSA or the Pennsylvania Minimum Wage Act ("PMWA") 43 Pa. C.S.A. § 333.101 *et seq.* merely avers that the Defendants have violated and continue to violate, the PMWA and/or the FLSA. These mere assertions, without any additional

relevant factual averments, does not withstand the Rule 12(b)(6) standard. A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d. Cir. 2000). Accordingly, a plaintiff must plead sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkinson v. New Media Tech. Charter Sch., Inc.*, 522 F. 3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F. 3d at 224). Therefore, Plaintiff's claim under either the FLSA and/or PMWA contain legal conclusions without any supporting facts.  Count Ten of the Amended Complaint, is factually and legally deficient and must be dismissed, with prejudice.

**VIII.    COUNT ELEVEN OF THE AMENDED COMPLAINT FOR UNJUST ENRICHMENT IS LEGALLY INSUFFICIENT AND MUST BE DISMISSED**

Count Eleven of the Plaintiff's Amended Complaint, avers that absent an employment contract, her "work" and "compensation" unjustly enriched the Defendants. Under Pennsylvania law, "to sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that it would be unconscionable for her to retain." *Torchia v. Torchia,* 499 A.2d 581, 582 (Pa.Super.1985).  The Plaintiff's claim is illogical.  Initially, she argues that the parties entered into a verbal agreement, which set forth in detail, her rate of compensation and that she used the premises at 135 to work to earn the compensation, as provided for in, an alleged verbal agreement.  Notwithstanding those averments, the Plaintiff, in Count Eleven appears to argue that although she "danced" in order to earn money, based on an alleged verbal agreement with either 135 or Bortz (which the Defendants dispute), and was never paid as promised. It also appears, that even if she did receive some form of compensation, pursuant to an alleged verbal agreement, the compensation was not as agreed, insufficient in amount, deserved to be paid additional compensation for the work performed, that

any compensation which might be due to the Plaintiff was illegal, or that the use of the premises at 135 to earn a living was improper, does not satisfy the elements of unjust enrichment. The Plaintiff has failed to plead any facts, that if, assuming arguendo, she was an "employee" of 135 and/or Bortz that, they received a benefit for which she was not compensated. Therefore, Count Eleven factually and legally fails and should be dismissed, with prejudice.

**IX.   COUNT TWELVE OF THE AMENDED COMPLAINT FOR NEGLIGENCE IS LEGALLY INSUFFICENT AND THEREFORE MUST BE DISMISSED**

Count Twelve of the Plaintiff's Amended Complaint attempts to assert a cause of action for negligence, resulting from, amongst other things, the Defendants' removal from the premises at 135, for creating a disturbance and for the Plaintiff's own voluntary decision to leave the premises with a male individual.

Initially, it would appear that Plaintiff seeks to advance a claim sounding on negligence based on some theory that the Plaintiff was a "patron" to whom a duty of care was owed. By the Plaintiff's own admission, she presented to the premises, without permission. She then caused a disturbance and was asked to leave and refused to do so. Rather than do so, the Plaintiff seems to assert that the Defendants should have, but failed to seek intervention from either the police department or request emergency services.

In addition, the Plaintiff seems to seek to advance a theory that the Defendants should have, but failed to stop her from ***voluntarily and willfully*** leaving the premises with a male individual. After which, and while with him, an alleged criminal act took place. The averments are illogical and nonsensical. The Defendants owed no duty of care to the Plaintiff, thus there could be no breach and no claim for negligence can be maintained against the Defendants. Moreover, once the Plaintiff left the premises, whatever transpired between she and another person, criminal or

otherwise, is and was beyond the Defendants' control.  Count Twelve of the Plaintiff's Amended Complaint fails to aver any facts which would support a claim that the Defendants owed her a duty or, in turn breached any alleged duty of care. As a matter of law, Plaintiff's claim for negligence claim is legally insufficient and must be dismissed, with prejudice.

Similarly, in Count Twelve, the Plaintiff avers amorphous "other theories" that Defendants could be liable for, without any supporting evidence or factual averments. These simple legal conclusion, unsupported by any facts or additional statements, are legally insufficient under the Federal Rule 12(b)(6) standard. A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d. Cir. 2000). Based on the foregoing, Plaintiff's negligence claim is legally insufficient, and therefore must be dismissed, with prejudice.

## X.    CONCLUSION

The entirety of the Plaintiff's Amended Complaint is flawed, and at times incomprehensible. Plaintiff's extensive pleading is filled with irrelevant facts, which even if true, fail to satisfy the basic elements of any violation of state or federal law. The Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Co. of Allegheny*, 515 F. 3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Under *Twombly*, and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Most of, if not all of the Plaintiff's Amended Complaint recite the elements of each cause of action and, without more, merely conclude that Defendants breached those elements. In addition, the factual averments

which the Plaintiff does offer are irrelevant to the Amended Complaint, are illogical and nonsensical.  As such the Defendants are unable to properly respond to the Amended Complaint.

For the foregoing reasons, Defendants One Three Five, Inc. and Albert Bortz respectfully request that this Honorable Court dismiss the Plaintiff, Rejeana Silla's Amended Complaint in its entirety, with prejudice.

Respectfully Submitted,


/s/ Jonathan M. Kamin
JONATHAN M. KAMIN
PA. I.D. NO.  81958
jonathank@gkgattorneys.com

GOLDBERG, KAMIN & GARVIN, LLP
1806 FRICK BUILDING
437 GRANT STREET
PITTSBURGH, PA 15219
(412) 281-1119

Dated: February 9, 2018                                    Attorney for Defendants