# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REJEANA SILLA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1393 |
| | ) | |
| ONE THREE FIVE, INC., doing business as | ) | Magistrate Judge Robert C. Mitchell |
| BLUSH, *et al.* | ) | |
|     Defendants. | ) | |

# **OPINION**

Presently pending before the Court is a third motion to dismiss the *pro se* amended complaint (ECF No. 30), with brief in support (ECF No. 31), filed by defendants, One Three Five, Inc., doing business as, Blush Gentleman's Club (Blush), and Albert Bortz (Bortz), collectively, Defendants. Because resolution of this issue requires the Court to go beyond the amended complaint, the Court converted the motion into a motion for summary judgment (ECF No. 34). Plaintiff ReJeana Silla (Silla) has filed a response (ECF No. 37). Also before the Court is a motion to strike Silla's responsive concise statement of material facts (ECF No. 43). For the reasons that follow, the Court will deny the motion to strike and grant in part Defendants' motion for summary judgment.

**Relevant Factual and Procedural History**

Silla began working as an exotic dancer at Blush in 2005 (ECF No. 13, ¶18). During her time as a dancer, Silla alleges she was subjected to harassment by Defendants and their employees, culminating in a mental breakdown in November of 2015. While she was suffering her mental breakdown, Silla alleges she was sexually assaulted by a former employee of Blush. Silla was eventually hospitalized. Silla alleges that she was forced to authorize Defendants' access her

medical records as a condition of her promised re-hiring. The content of those records was made available to other dancers, who continued their pattern of harassment. Silla returned to work, but took an approved leave of absence. Shortly thereafter, in February of 2016, her employment with Blush was terminated.

While the above events were unfolding, a class action lawsuit alleging violations of the FLSA, the PMWA, and the WPCL was brought against Blush in the United States District Court for the Western District of Pennsylvania by Katisha Correll on behalf of herself and all other exotic dancers who performed at Blush between November 8, 2010 and the date of the entry of the settlement agreement, December 4, 2015. Pursuant to the settlement agreement reached in that case, the class members agreed to a release of certain federal and state law claims arising out of or related to the subject matter of the lawsuit. See Correll v. One Three Five, Inc. 2:13-cv-1610 (W.D. Pa.).

Following her termination, Silla initiated this action in October of 2017, alleging that she had been fired in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq*. and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. 1981, *et seq*. In addition, Silla raised claims challenging her classification as an independent contractor and seeking damages related to Blush's alleged failure to pay overtime pursuant the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*.; the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. § 333.101, *et seq*.; and the Pennsylvania Wage Payment & Collection Law (WPCL), 43 P.S. § 260.1, *et seq*. (ECF No. 13). Silla also raised a number of related state court claims, including invasion of privacy, breach of contract, fraud, unjust enrichment, and negligence (Id.)

On February 9, 2018, Defendants filed a motion to dismiss the amended complaint, (ECF No. 16), which was denied in part and granted in part by memorandum opinion and order of this Court on June 26, 2018 (ECF No. 21).

On October 1, 2018, Defendants filed another motion to dismiss, (ECF No. 30), alleging that the claims raised in Silla's amended complaint were barred by the class action settlement agreement adopted in Correll. This motion was converted into a motion for summary judgment, and Silla filed a number of responsive pleadings, including a concise statement of material facts (ECF No. 39), which Defendants have moved to strike (ECF No. 43).

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 7, 9).

**Standard of Review**

Rule 56(a) of the Federal Rules of Civil Procedure provides that:

> [a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a).

The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). For the purposes of summary judgment, "[a] material fact is '[a] fact[ ] that might affect the outcome of the suit

under the governing law.'" Haybarger v. Laurence Cnty. Adult Prob. & Parole, 667 F.3d 408, 412 (3d Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). For an issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." (Id.) (quoting Anderson, 477 U.S. at 248-49).

In resolving a motion for summary judgment, a court must take the facts in the light most favorable to the non-moving party, and must draw all reasonable inferences and resolve all doubts in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 266 (3d Cir. 2005); Doe v. County of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001).

**Discussion**

    **I.**    **Defendants' Motion to Strike (ECF No. 43)**

Rule 12(f) of the Federal Rules of Civil Procedure, which governs motions to strike pleadings, serves a specific and narrow purpose and provides, in part, that:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).[1]

"The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Simmons v. Simpson House, Inc., 224 F. Supp. 3d 406, 421 (E.D. Pa. 2016) (quotation and citation omitted). "Relief under Rule 12(f) is generally disfavored and will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case."

---

[1] Defendant's motion, which was filed within 21 days of service of Silla's concise statement, is timely. Fed. R. Civ. P. 12(f)(2).

Id. (quotation and citation omitted). "Indeed, striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice and should be used sparingly." Spiess v. Pocono Mountain Reg'l Police Dep't, No. 3:10CV287, 2011 WL 662977, at *1 (M.D. Pa. Feb. 14, 2011) (citation and internal quotation marks omitted).

Here, Defendants seek to strike the entirety of Silla's concise statement and all attachments thereto on the basis that the filing contains speculative information regarding Silla's involvement in the Correll litigation (ECF No. 44). The challenged averments are arguably relevant to the question of whether Silla is bound by the settlement agreement entered in Correll, the central premise of the motion at issue. Because the information has direct bearing on the issues herein, and given that such motions are generally disfavored, Defendants' motion will be denied.

II. **Defendants' Motion for Summary Judgment (ECF No. 43)**

In their motion, Defendants ask this Court to dismiss Silla's amended complaint in its entirety on the basis that the claims raised therein are specifically barred by the release contained in the Correll settlement agreement. In response, Silla argues that Defendants have waived this defense by failing to include it in their answer (ECF No. 47, pg. 2). Further, Silla alleges that she is not bound by the terms of the settlement agreement because of defective notice (Id. at 3). Finally, she argues that even if this Court finds the settlement terms binding upon her, certain of her claims which are unrelated to the subject matter of the Correll suit survive Defendants' motion (Id.)

a. Waiver

Federal Rule of Civil Procedure 8(c) requires a party responding to a pleading to raise in its answer all enumerated affirmative defenses, including "release" Fed.R.Civ.P. 8(c). As Silla

5

points out, Defendants' answer to the amended complaint failed to include the Correll release as an affirmative defense (ECF No. 22).

Nonetheless, this Court cannot conclude that Defendants' omission results in waiver. The purpose of requiring a defendant to plead available affirmative defenses in its answer is to "avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." Robinson v. Johnson, 313 F.3d 128, 134–35 (3d Cir.2002) (citing Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313 (1971)). Instantly, Silla was aware of the Correll case, having referenced it in her amended complaint (ECF No. 13, pg. 45), Further, although she objects to the pleading defect, she has not alleged that she was prejudiced by Defendants' untimely assertion. Indeed, she has been given notice and an opportunity to respond to Defendants assertion of the release as an affirmative defense. Accordingly, this Court is constrained to conclude that waiver is inappropriate under the circumstances.

b. Notice

In her response in opposition to Defendants' motion for summary judgment, Silla argues that she cannot be bound by the terms of the Correll settlement agreement because her notice of the class action lawsuit was defective (ECF No. 47, pg. 10-12). Specifically, she alleges that the class notice intended for her misspelled her name and was sent to the wrong address, despite Blush having the correct address on file (Id.)

Federal Rule of Civil Procedure 23(e)(1)(B) requires the court to direct notice in a reasonable manner to "all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise" Fed. R. Civ. P. 23(e)(1)(B). Specifically, "the court must direct to class

members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort" (Id.) As the Third Circuit has recognized," Rule 23 does not require actual notice to all potential class members" City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc., 867 F.3d 434, 445 (3d Cir. 2017). Indeed, courts interpreting this Rule have held that "notice to the last known address, as well as notice to an incorrect address where the defendant had been notified of the correct address, met the due process requirement of notice through reasonable effort." See In re Prudential Ins. Co. of Am. Sales Practices Litig., 177 F.R.D. 216, 238 (D.N.J. 1997) (collecting cases). Accordingly, Silla's argument that she did not actually receive notice is unavailing.

c. Whether Silla is bound by the terms of the Correll release

On February 4, 2014, the district court conditionally certified litigation as a collective action and issued notices to putative collective action members. Subsequently, on December 4, 2015, the parties filed a joint motion to approve an attached class and collective settlement agreement. That agreement defined "class member" as "all persons who meet one or both of the definitions of FLSA Collective or State Law Class" as those terms were defined in the agreement (Id. at ¶ 19). The document defines the FLSA Collective as "all individuals … who submitted consents to join the collective action and who were not later dismissed, and are identified in Exhibit D, hereto, which identifies each and every member of the FLSA Collective which shall control to identify such persons" (Id. at ¶ 31). It is undisputed that Silla did not consent to join the collective action and is therefore not a member of the FLSA Collective.

The State Law Class is defined as "Plaintiff Katisha Correll and all members of the FLSA Class who worked at [Blush] at any time between November 8, 2010 to [December 2015], and

7

who are not FLSA Opt-In Plaintiffs" (Id. at ¶ 48). The "FLSA Class means the class of persons certified by the Court as conditionally permitted to join the collective action under the FLSA" (Id. at ¶ 30). Silla, by virtue of the timing of her employment with Blush, qualifies as member of the FLSA class. As it is undisputed that she did not opt in to the FLSA collective, she is a member of the State Law Class.

The "Final Settlement Class refers to all Class Members who do not timely and validly exclude themselves from the Settlement consistent with the exclusion procedures set forth in this Settlement Agreement" (Id. at ¶ 29). It is undisputed that Silla did not seek to exclude herself from the settlement. Accordingly, this Court is constrained to conclude that she is bound by the provisions of the settlement agreement, including the release provisions.

The following definitions are relevant.

> The "Released Parties" means the same as "Blush," or "Defendant" and include Blush's present and former parent companies, subsidiaries, affiliated entities, shareholders, owners, officers, directors, employees, agents, attorneys, insurers, and successors and assigns.

> "Released State Law Claims" means any and all applicable state and local law claims, obligations, demands, actions, rights, causes of action, and liabilities against the Released Parties, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, **that were asserted in, arise out of, or are related to the subject matter of this Litigation**. The Released State Law Claims include but are not limited to claims meeting the above definition under all applicable statutes, regulations or common law. The Parties stipulate and agree only for purposes of this Agreement that the Court has jurisdiction over all applicable state and local law claims pursuant to 28 U.S.C. § 1332(d).

> "Released Federal Law Claims" means any and all federal law claims, obligations, demands, actions, rights, causes of action, and liabilities against the Released Parties, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, **that were asserted in, arise out of, or are related to the subject matter of this Litigation**. The Released Federal Law Claims include but are not limited to claims meeting the above definition under all applicable statutes, regulations or common law.

Id. at ¶¶ 39-41 (emphasis added).

The release itself provides as follows.

> Upon Final Approval and in consideration of obligations as set forth in this Agreement, the Class Members, on behalf of themselves and each of their heirs, executors, administrators, representatives, successors, assigns, and attorneys, and all persons who may have a cause of action through them, shall be deemed to unconditionally, irrevocably, completely and forever release and discharge all Released State Law Claims. In addition, upon Final Approval, the Named Plaintiff, Class Members who are Claimants, and the FLSA Opt-In Plaintiffs shall be deemed to unconditionally, irrevocably, completely and forever release and discharge all Released State Law Claims and all Released Federal Law Claims. Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released State Law and Released Federal Law Claims. However, on Final Approval (and to the extent provided for in this paragraph), Class Members who are Claimants shall be deemed to have, and by operation of the Final Judgment fully, finally, and forever settled and released any and all of the Released State Law and Released Federal Law Claims, whether known or unknown, suspected or unsuspected, contingent or noncontingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts which are released by this Agreement. This release includes but is not limited to any and all claims based upon the Civil Rights Act of 1886, 1871, 1964, and 1991; 42 U.S.C. Section 1981; the Age Discrimination in Employment Act; the Fair Labor Standards Act; the Equal Pay Act; the Employee Retirement Income Security Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the National Labor Relations Act; the Immigration Reform and Control Act of 1986; the Worker Adjustment Retraining and Notification Act; the Occupational Safety and Health Act; the Consolidated Omnibus Budget Reconciliation Act; the Pennsylvania Civil Rights Act; Pennsylvania Minimum Wage Act (PMWA), Pennsylvania Wage Payment and Collection Law (WPCL); Pennsylvania's Worker Compensation Statute; the Pennsylvania Whistle- Blower's Act; and any all amendments to said laws; and any other statutory, common law, or public policy claim, whether in tort (including without limitation any claim for assault, battery, intentional infliction of emotional distress, invasion of privacy, negligence, or negligent hiring, retention, or supervision) or contract; whether federal, state, or local; whether in law or in equity; whether of any type whatsoever from the beginning of the world to the effective date of this Agreement. This complete release additionally includes, without limitation, any and all claims for attorney's fees, costs, and expenses.

* * *

> Each Class Member who has not submitted a valid Request for Exclusion forever agrees that she shall not institute any action seeking, nor accept, back pay, overtime premiums, penalties, liquidated damages, punitive damages, penalties of any nature, attorneys' fees and costs, or any other relief from any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against Released Parties, for any period through the Preliminary Approval Date, arising from any claims released in this Agreement, with the understanding that only the Named Plaintiff, Class Members who are Claimants, and the FLSA Opt-In Plaintiffs shall be deemed to have released the Released Federal Law Claims pursuant to this Agreement. This release shall become effective at such time as Defendant has complied with all of its obligations pursuant to the Settlement Agreement.

Id. at ¶¶ 85, 87).

Even when viewed in the light most favorable to Silla as the non-moving party, the terms of the settlement agreement in Correll act to bar Silla's claims pursuant to the FLSA, PMWA, and the state law claims related thereto. Accordingly, this Court will grant Defendants' motion for summary judgment as to Count VI as it relates to the Equal Pay Act, Count VII, Count IX, Count X, and Count XI.

However, as the settlement agreement defines released claims as those having been "asserted in, aris[ing] out of, or are related to the subject matter of" the Correll litigation, Silla's remaining claims under the ADA and the state law claims stemming from her allegations of harassment and disability discrimination will survive Plaintiff's motion.

**Conclusion**

For the foregoing reasons, this Court will deny Defendants' motion to strike (ECF No. 43). The Court will grant Defendants' motion for summary judgment (ECF No. 30) as to Count VI as it relates to the Equal Pay Act, Count VII, Count IX, Count X, and Count XI. The remainder of that motion is denied in its entirety. An appropriate order follows.

Dated: March 25, 2019 /s/ *Robert C. Mitchell*

ROBERT C. MITCHELL
United States Magistrate Judge

Cc: record counsel via CM-ECF

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REJEANA SILLA, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　)<br>　v. 　　　　　　　　　　)<br>　　　　　　　　　　　)<br>ONE THREE FIVE, INC., doing business as )<br>BLUSH, *et al.* 　　　　　)<br>　　　　Defendants. 　)　 | Civil Action No. 17-1393<br><br>Magistrate Judge Robert C. Mitchell |

## ORDER

AND NOW, to-wit, this 25th day of March, 2019, for the reasons stated in the Opinion filed contemporaneously herewith, it is hereby ORDERED that Defendants' Motion to Strike (ECF No. 43) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss *Pro Se* Amended Complaint (ECF No. 30) is GRANTED IN PART and DENIED IN PART as follows:

a. The motion is GRANTED as to

  1. the allegations of Equal Pay Act violations in Count VI of the amended complaint;
  2. Count VII
  3. Count IX
  4. Count X
  5. Count XI

b. The motion to is DENIED as to Count I, Count II, Count III, Count V, Count VI as it relates to Silla's claims of harassment and hostile work environment, Count VIII, and Count XII.

　　　　　　　　　　　　　　　　　　/s/ *Robert C. Mitchell*
　　　　　　　　　　　　　　　　　　ROBERT C. MITCHELL
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Cc: record counsel via CM-ECF